STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Swierz Loft Addition | } | Docket No. 84-5-08 Vtec |
| In re: Swierz Enclosed Porch Addition | } | Docket No. 88-5-08 Vtec |
| (Appeals of Supeno and Ernst) | } | |
| | } | |

Decision and Order on Motion for Summary Judgment

Appellants Barbara Supeno and Barbara Ernst appealed from decisions of the Development Review Board (DRB) of the Town of Addison, approving additions to an existing building as conditional use review under §§ 3.7(B)(3) and 5.7 of the Zoning Regulations, and that no variance was required for either addition. Appellants are represented by Vincent A. Paradis, Esq. and Chad V. Bonanni, Esq.; Appellee-Applicants Gregory Swierz and Joanne Swierz have appeared and represent themselves; the Town is represented by Donald R. Powers, Esq.; and interested parties Roger Sleeper, Jack Anderson and Louisa Anderson have appeared and represent themselves. Appellants have moved for summary judgment on Question 2 of the Statement of Questions as to whether a variance is required for either application.

In the entry order dated October 13, 2008, the Court asked for additional briefing to explain the parties' positions as to the location of the front setback line. With respect to any new construction within the setback areas, that entry order asked the parties to address the concept that increases in height within the setback area represent an increase in the degree of noncompliance of the noncomplying structure, as discussed in, e.g., the following cases and cases cited therein: In re Snelgrove Permit Amendment, No. 25-1-07 Vtec, slip op. at 7–8 (Vt. Envtl. Ct. July 18, 2008) (increase in volume of noncomplying structure within required setback area); In re Bloch Occupancy Permit, No. 94-5-05 Vtec, slip op. at 1–2 (Vt. Envtl. Ct. Oct. 24, 2005) (additional height within

setback); Appeal of Barnes, No. 154-8-04 Vtec, slip op. at 6–7 (Vt. Envtl. Ct. May 18, 2005) (additional height added to pre-existing noncomplying structure within setback); see In re Appeal of Dunnett, 172 Vt. 196, 202–03 (2001) (affirming denial of enlargement of portion of building within side setback area under nonconforming structure provisions of bylaw); In re Appeal of Tucker, No. 123-7-98 Vtec (Vt. Envtl. Ct. Aug. 2, 1999); aff'd No. 1999-399 (Vt., Mar. 10, 2000) (unpublished mem.) (three-justice panel) (permit allowing one-story building extending into side setbacks does not authorize expansion to two stories).

Appellants and Appellee-Applicants appear to agree that the 75-foot front setback is to be measured from the centerline of the private right-of-way serving the property, even though the property does not appear to have any frontage along that right-of-way, but instead appears only to have a driveway leading from that right-of-way onto Appellee-Applicants' property. The Town has not provided any interpretation of its Zoning Regulations on this point. The source of this setback requirement is unclear to the Court from the Zoning Regulations; the parties should be prepared to address whether the property has any frontage, and therefore has a front setback area, or whether it has only side, rear and shoreline setbacks, if it has no frontage on a private or public road or right-of-way.

From the diagrams most recently submitted by the parties, it appears that in the area of the Swierz driveway, Appellants are measuring the 75-foot setback from the point at which the Swierz driveway crosses the Swierz property line, and not from the centerline of the private right-of-way, while Appellee-Applicants, on the other hand, are measuring the 75 foot setback from the centerline of the right-of-way without regard to the driveway. In the area to the west of and including the southerly corner of the Swierz house, material facts are disputed as to the measurement from the right-of-way to the property line, and from the right-of-way to the corner of the house.

2

Summary judgment must be denied, as material facts are in dispute as to the location and extent of the required setback, although it appears to the Court that the measurements from the centerline of the right-of-way to the corner of the Swierz house should be capable of being ascertained. However, for the guidance of the parties in their scheduled mediation, if no parts of the horizontal or vertical additions extend into a required setback, then, as the existing structure is noncomplying, the enlargements only require conditional use approval under § 3.7(B)(3), and do not require a variance.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment is DENIED.

Done at Berlin, Vermont, this 29th day of October, 2008.

_____
Merideth Wright
Environmental Judge